**Glenn Earl SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 666–83.**

Court of Criminal Appeals of Texas, En Banc.

July 18, 1984.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and Donald G. Davis, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

On original submission to the Dallas Court of Appeals the appellant raised two grounds of error. In his first ground of error, appellant argued that the trial court erred in failing to submit a jury instruction on the law of self-defense. In his second ground of error, he argued that the evidence was insufficient to show that the knife was used as a "deadly weapon". The Court of Appeals in an unpublished opinion affirmed appellant's conviction finding that the evidence as to a "deadly weapon" was sufficient and also finding that the evidence did not justify a charge on self-defense. Appellant filed a petition for discretionary review with this Court and in a per curiam opinion dated March 30, 1983, this Court remanded the case to the Court of Appeals to reconsider appellant's first ground of error, specifically in light of the testimony of three defense witnesses: Darlene Albert, Lula Washington and Barbara Bolden. On June 14, 1983, the Dallas Court of Appeals handed down a second opinion in this cause, and again found that the evidence did not raise the issue of self-defense. Specifically the court held:

" ... We hold that the trial court did not err in failing to charge on the law of self-defense under TEX. PENAL CODE ANN. Sec. 9.31(a) (Vernon 1974), because self-defense was not raised by the evidence. Appellant did not testify. The evidence did not show that appellant was even aware that the complainant was armed; nor did the evidence show that appellant believed his attack upon the complainant was immediately necessary to protect himself against the complain-

ant's use or attempted use of unlawful force...."

The central problem presented in this case can be phrased thusly: when the defendant does not testify, what kind of testimony is needed to raise the issue of self-defense, since V.T.C.A., Penal Code, Section 9.31(a) focuses on the defendant's subjective state of mind?

■ Section 9.31(a), supra, justifies the use of force against another when *the actor reasonably believes it is immediately necessary to protect himself against the other's use of force or attempted use of unlawful force.* Thus, in order to justify the submission of a charge to the jury on the issue of self-defense, there must be some evidence in the record to show that the defendant was in some apprehension or fear of being the recipient of the unlawful use of force from the complainant.

Our research has revealed a scarcity of cases in which the issue of self-defense has been raised without the testimony of the defendant. In *Dominguez v. State*, 506 S.W.2d 880 (Tex.Cr.App.1974), the Court found that since the defendant did not testify there was no evidence that he believed himself to be in danger or feared that the deceased was about to kill or seriously injure him. The Court further found that there was no evidence of an attack or apparent attack, and no evidence of such a reasonable expectation or fear on the part of the defendant. Finding that the evidence did not raise the issue of self-defense, the Court held that the trial court properly refused defendant's requested instruction on self-defense.

In *Barree v. State*, 621 S.W.2d 776 (Tex.Cr.App.1981) (Opinion on Appellant's Motion for Rehearing), this Court implied that this requirement might be fulfilled if the record showed that the complainant threatened to use or attempted to use his weapon.

In the instant case, it is undisputed that appellant was arguing with his sister, Darlene Albert, when the complainant inter-

vened. According to the prosecution evidence, appellant had a steak knife in his hand and was attempting to enter the house where Darlene had taken refuge when the complainant grabbed him and dragged him away from the house. The complainant then went into the house and found Darlene armed with a gun. The complainant testified that he disarmed Darlene and took the gun outside and threw it into the trunk of his car. By this time appellant was heading for the house again so the complainant grabbed appellant again. The two men struggled and appellant stabbed the complainant.

Darlene Albert testified for the defense that when the complainant took the gun outside he carried it down beside him in his left hand. When the prosecutor asked if the complainant showed the gun to appellant, Darlene testified, "The position he had it, he couldn't—you could see it. He couldn't help but see it." Darlene testified that she went inside and when she came out the men were struggling again and during the struggle the gun fell into the trunk of the complainant's car. Appellant told the complainant, "I don't want to fight you. Man, go on and leave me alone." But the complainant grabbed appellant again and began fighting. Darlene testified that at this point in time she went to call the police and did not see appellant stab the complainant.

Lula Mae Washington also testified for the defense. She stated that she was sitting on her porch across the street from Darlene's house when she heard appellant arguing with Darlene. She saw the complainant come out of the house with the gun and heard appellant say, "Why don't you go on. You don't have anything to do with this and I don't want to fight with you, anyway." The complainant stood there with the gun in his hand and said, "Well, whatever you've got to do, just go ahead and do it." The men began fighting and Washington could hear appellant saying "Hey, I told you to leave me alone. I don't have a fight with you." Washington testified that it appeared that, since the complainant who was still holding the gun kept fighting with appellant, appellant must have figured that he had to defend himself. Washington testified that she could not tell if the complainant was still holding on to the gun when he was stabbed by appellant.

Ella Smith, appellant's mother, testified that she picked up appellant after he had been involved in the altercation with the complainant. Smith testified that when appellant got into her truck he gave her a small gun and told her that he had been fighting with Darlene and the complainant and they had been trying to hurt him. Appellant stated that he had taken the gun away from the complainant and had stabbed him.

Barbara Bolden, appellant's fiancee, testified that she was standing outside Darlene's house when appellant began arguing with Darlene. Darlene went inside the house and, when appellant started to follow her, the complainant pulled appellant off the porch. The complainant then went inside the house. A short time later the complainant exited the house carrying a gun. Bolden testified that the complainant pointed the gun at appellant, "you know, like he was going to—he was shooting at Glenn." Bolden testified that prior to the complainant exiting the house, she had just handed appellant the knife so that he could open a can of milk for her baby. Appellant had just opened the can when the complainant confronted him with the gun. Bolden related that the complainant grabbed appellant and the two began to scuffle. Bolden testified that she heard the complainant say to appellant, "do what he had to do, don't be messing with Darlene and if he wanted to hurt somebody, hurt him or he was going to hurt him."

■ It is axiomatic that when properly requested, the trial court must instruct the jury on every defensive theory raised by the evidence, and it makes no difference whether such evidence or testimony was produced by the prosecution or the defense, or whether such defensive evidence or testimony might be strong, weak, unim-

peached, or contradicted. *Booth v. State,* 679 S.W.2d 498 (1984); *Dyson v. State,* 672 S.W.2d 460 (1984).

 In the instant case we are unable to say there is no evidence as to the issue of self-defense. Surely, the testimony of Barbara Bolden and Ella Mae Smith, although not strong and convincing, raises the issue of self-defense. The issue before this Court is not the truth of this testimony; that is up to the trier of fact. "The issue before this Court is whether, if the testimony is believed, a case of self-defense has been made." *Rodriquez v. State,* 544 S.W.2d 382 (Tex.Cr.App.1976). We now hold that the trial court erred in refusing appellant's requested instruction on self-defense.

The judgment of the Court of Appeals is reversed and the case is remanded to the trial court for a new trial.