In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-054 CR


____________________



KYE LEE CAMPBELL, SR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 84486






OPINION


 Appellant was convicted of the murder of John Willie "Buddy" Andrepont, Jr. The
trial court assessed punishment at confinement in the Institutional Division of the Texas
Department of Criminal Justice for life. The lone appellate issue contends the trial court
erred in refusing appellant's requested jury instruction on self-defense. The requested
instruction refused by the trial court was included as a court exhibit and reads as follows: 

 SELF DEFENSE:


 It is a defense to this prosecution if the defendant's conduct was
justified by law.



 FORCE:


 A person is justified in using force against another when and to the
degree he reasonably believes the force is immediately necessary to protect
himself against the other's actual or apparent use or attempted use of
unlawful force.



 DEADLY FORCE:


 A person is justified in using deadly force against another if he would
be justified in using force against the other, and in addition: (1) A
reasonable person in his situation would not retreat; and (2) when and to the
degree he reasonably believes the deadly force is immediately necessary to
protect himself against the other's actual or apparent use or attempted use of
unlawful deadly force.



 REASONABLE BELIEF: 


 Reasonable belief means a belief that would be held by an ordinary
and prudent person in the same circumstances as the defendant.



 SELF-DEFENSE CHARGE:


 Therefore, even if you believe from the evidence beyond a reasonable
doubt or if you have a reasonable doubt thereof that the defendant Kye Lee
Campbell, Sr., used deadly force as alleged in the indictment, but that on
such occasion the defendant reasonably believed this use of deadly force was
immediately necessary to protect himself against the victim's actual or
apparent use or attempted use of unlawful deadly force and; (1) a reasonable
person in the defendant's situation would not have retreated and (2) that the
defendant reasonably believed that the use and degree of deadly force he
used was immediately necessary to protect himself against the victim's actual
or apparent use or attempted use of unlawful deadly force, you should find
the defendant not guilty.

 However, if you believe from the evidence beyond a reasonable doubt
that, at the time and place in question, the defendant either; (1) did not
reasonably believe that the victim was actually or apparently using or
attempting to use deadly force against him, or (2) that a reasonable person
in the defendant's situation would have retreated, you find against the
defendant on this plea of justification.


 The requested instruction seems to be in substantially correct form based upon the
language contained in Tex. Pen. Code Ann. §§ 9.31-9.32 (Vernon 2003). Self-defense,
being a justification, the burden of producing the evidence at trial was on appellant. See
Saxton v. State, 804 S.W.2d 910, 913-14 (Tex. Crim. App. 1991). An accused requesting
an instruction on self-defense with deadly force must show: (1) he was justified in using
force; (2) a reasonable person in his situation would not have retreated; and (3) he
reasonably believed the use of deadly force was immediately necessary to protect himself
against another's use or attempted use of unlawful deadly force, or to prevent the imminent
commission of specified violent crimes. See Tex. Pen. Code Ann. § 9.32 (Vernon 2003). 
However, a defendant is not required to testify in order to be entitled to raise self-defense;
self-defense may be raised by the testimony of other witnesses describing the circumstances
of the offense. See Smith v. State, 676 S.W.2d 584, 586-87 (Tex. Crim. App. 1984). 
"Thus, in order to justify the submission of a charge to the jury on the issue of self-defense, there must be some evidence in the record to show that the defendant was in some
apprehension or fear of being the recipient of the unlawful use of force from the
complainant." Id. at 585.

 In the instant case, appellant did not testify. Neither party introduced evidence
identifying any witness to the fatal event other than the victim and appellant. The record
does include the words uttered by appellant to his son in a conversation following the fatal
events to the effect that appellant had been shot, and that he [appellant] had "stabbed
Buddy." Through the various witnesses called during the trial, evidence was elicited
concerning the violent nature of the victim and his heavy drinking habits. Nevertheless,
we have absolutely no evidence as to the state of mind of appellant when he stabbed the
victim. Neither is there evidence in the record that the victim was using any force, much
less deadly force, against appellant during their confrontation. Although the evidence is
not disputed that appellant received a gunshot wound to his face, there is no evidence that
the victim inflicted the wound. Any evidence of the "retreat" variable and whether
appellant's conduct was "immediately necessary" are also completely missing from the
record. Finally, even if we could infer that the victim did inflict the gunshot wound to
appellant, we have no evidence that such "deadly force" was "unlawful" when inflicted. 
In fact, the inference would be to the contrary as it was appellant who showed up at the
victim's house apparently unannounced in order to confront the victim. History appeared
to be repeating itself from appellant's actions of the night before when he went to the
victim's house, kicked the door in, and seriously assaulted the victim. 

 At any rate, virtually all of the actual events that took place at the victim's home
between appellant and the victim that concluded with the victim's death are pure
speculation from the state of the record before us. As we have noted before, Chapter Nine
of the Texas Penal Code is entitled, "Justification Excluding Criminal Responsibility," and
sets out "defenses," such as "necessity," "public duty," and "self-defense," which have
traditionally been recognized as justifications for conduct that would otherwise be criminal. 
See Gilmore v. State, 44 S.W.3d 92, 96-97 (Tex. App.--Beaumont 2001, pet. ref'd). The
language of sections 9.31 and 9.32 is incident-specific. In order for appellant to have
availed himself of the "self-defense" justification for his conduct toward the victim, he
needed to provide evidence of the specific circumstances surrounding that conduct. The
record before us provides no evidence of the appropriately apprehensive mental state of
appellant nor the specifics of either his conduct or the victim's conduct that led up to the
murder. All this is to say that we find no error in the trial court's refusal of appellant's
proposed self-defense instruction to the jury. The issue is overruled, and the judgment and
sentence of the trial court are affirmed.

 AFFIRMED. 


 PER CURIAM


Submitted on April 29, 2003

Opinion Delivered May 7, 2003

Do Not Publish 


Before McKeithen, C.J., Burgess and Gaultney, JJ.