COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
  
NO. 2-03-022-CR
NO. 2-03-023-CR

  
MISTY 
DAWN STOFFREGEN                                                   APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        After 
a jury trial, Appellant Misty Dawn Stoffregen was convicted of assault-bodily 
injury in each case and sentenced to 365 days’ confinement in Denton County 
Jail, probated for twenty-four months, and a $500 fine. On appeal, Appellant 
contends that the trial court violated her constitutional rights by overruling 
her challenge for cause; by allowing the prosecutor to comment during final 
argument on her decision not to testify; and by failing to include an 
instruction on defense of property in the jury charge. Because we hold that the 
trial court did not err, we affirm the trial court’s judgment.
        Appellant 
went to the Red Lion Bar and Grill in Lewisville. Evidence at trial showed that 
she was intoxicated. At some point the bartender, Nicole, and her supervisor, 
Mandy, refused to serve Appellant alcohol because of her visible inebriation. 
Upset, Appellant demanded to see Fred, the manager, and walked toward his 
office. Mandy repeatedly told Appellant that no smoking was allowed in the 
office, but Appellant carried a cigarette into the office anyway. While 
Appellant was on the telephone trying to reach Fred, who was not on the 
premises, Mandy grabbed the cigarette out of Appellant’s hand. Appellant then 
hit Mandy in the head with the telephone. As Nicole tried to extricate Mandy 
from the situation, Appellant hit her in the head with the telephone, too.
        In 
her first point, Appellant contends that the trial court violated her 
constitutional right to a fair and impartial jury by overruling her challenge 
for cause to a potential biased juror, Mr. McGregor. Appellant claims that she 
preserved this issue by requesting an additional peremptory challenge, which was 
denied. The record is devoid of any evidence that Appellant challenged Mr. 
McGregor for cause. Instead, the record shows that after the trial court 
announced who the jury members would be, including Mr. McGregor, Appellant asked 
for an additional peremptory strike with which to strike Mr. McGregor. Appellant 
does not complain about her challenge for cause that was actually denied. She 
has therefore failed to preserve this issue for review.[2]  
We overrule Appellant’s first point.
        In 
her second point, Appellant contends that the trial court abused its discretion 
by overruling her objection to the State’s jury argument. During final 
argument, the prosecutor stated, “Another issue that I’d like to tell you 
about is in this case there is just no evidence of what the Defendant reasonably 
believed at the time this happened.” Appellant objected that this statement 
constituted a comment on her failure to testify. The trial court overruled the 
objection.
        Appellant’s 
reasonable belief was an element of her claim of self defense.[3]  
A defendant does not necessarily have to testify to raise a self-defense claim.[4]  In fact, evidence of Appellant’s reasonable belief 
could have been offered by either side through witnesses other than Appellant.[5]  A statement that can reasonably be construed to 
refer to a defendant’s failure to bring evidence other than her own testimony 
is not improper.[6]  The prosecutor’s statement 
falls into this category; the trial court therefore did not abuse its discretion 
in overruling Appellant’s objection.  We overrule Appellant’s second 
point.
        In 
her third point, Appellant complains that the trial court erred by omitting an 
instruction on defense of property from the jury charge. Appellant contends that 
the instruction was necessary because she only hit the complainants, Mandy and 
Nicole, after they took her cigarette. There was no evidence that Nicole had any 
designs on Appellant’s cigarette, tried to touch the cigarette, or did touch 
the cigarette. Additionally, Appellant did not request a defense of property 
instruction regarding Nicole’s case. While there was evidence that Mandy did 
take the cigarette, after she had repeatedly told Appellant that smoking was not 
allowed in the office, there was no evidence that Appellant tried to recover her 
cigarette after Mandy took it away, and there was no evidence that Appellant 
reasonably believed that force was immediately necessary to recover her 
cigarette.[7]  When there is no evidence of a 
defendant’s reasonable belief that force was necessary to recover her 
property, the refusal to instruct the jury on the defense of property is not 
error.[8]  We therefore overrule Appellant’s 
third point.
        Having 
overruled Appellant’s points, we affirm the trial court’s judgments.
 
                                                                  PER 
CURIAM
  
PANEL 
F:   DAUPHINOT, GARDNER, and WALKER, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 26, 2004

NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
See Green v. State, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996), cert. 
denied, 520 U.S. 1200 (1997).
3. 
See Tex. Penal Code Ann. § 
9.31(a) (Vernon 2003).
4. 
Smith v. State, 676 S.W.2d 584, 586-87 (Tex. Crim. App. 1984); Boget 
v. State, 40 S.W.3d 624, 626 (Tex. App.—San Antonio 2001), aff’d on 
other grounds, 74 S.W.3d 23 (Tex. Crim. App. 2002).
5. 
See Smith, 676 S.W.2d at 586-87; Goodwin v. State, 91 S.W.3d 912, 
915 (Tex. App.—Fort Worth 2002, no pet.).
6. 
Fuentes v. State, 991 S.W.2d 267, 275 (Tex. Crim. App. 1999); Wolfe v. 
State, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996).
7. 
See Tex. Penal Code Ann. § 
9.41(b).
8. 
MacDonald v. State, 761 S.W.2d 56, 61 (Tex. App.—Houston [14th 
Dist.] 1998, pet. ref’d); see Dyson v. State, 672 S.W.2d 460, 463 (Tex. 
Crim. App. 1984).