Misty Dawn Stoffregen v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-022-CR

NO. 2-03-023-CR

MISTY DAWN STOFFREGEN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After a jury trial, Appellant Misty Dawn Stoffregen was convicted of assault-bodily injury in each case and sentenced to 365 days’ confinement in Denton County Jail, probated for twenty-four months, and a $500 fine.  On appeal, Appellant contends that the trial court violated her constitutional rights by overruling her challenge for cause; by allowing the prosecutor to comment during final argument on her decision not to testify; and by failing to include an instruction on defense of property in the jury charge.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

Appellant went to the Red Lion Bar and Grill in Lewisville.  Evidence at trial showed that she was intoxicated.  At some point the bartender, Nicole, and her supervisor, Mandy, refused to serve Appellant alcohol because of her visible inebriation.  Upset, Appellant demanded to see Fred, the manager, and walked toward his office.  Mandy repeatedly told Appellant that no smoking was allowed in the office, but Appellant carried a cigarette into the office anyway.  While Appellant was on the telephone trying to reach Fred, who was not on the premises, Mandy grabbed the cigarette out of Appellant’s hand.  Appellant then hit Mandy in the head with the telephone.  As Nicole tried to extricate Mandy from the situation, Appellant hit her in the head with the telephone, too.

In her first point, Appellant contends that the trial court violated her constitutional right to a fair and impartial jury by overruling her challenge for cause to a potential biased juror, Mr. McGregor.  Appellant claims that she preserved this issue by requesting an additional peremptory challenge, which was denied.  The record is devoid of any evidence that Appellant challenged Mr. McGregor for cause.  Instead, the record shows that after the trial court announced who the jury members would be, including Mr. McGregor, Appellant asked for an additional peremptory strike with which to strike Mr. McGregor.

Appellant does not complain about her challenge for cause that was actually denied.  She has therefore failed to preserve this issue for review.
(footnote: 2)  We overrule Appellant’s first point.

In her second point, Appellant contends that the trial court abused its discretion by overruling her objection to the State’s jury argument.  During final argument, the prosecutor stated, “Another issue that I’d like to tell you about is in this case there is just no evidence of what the Defendant reasonably believed at the time this happened.”  Appellant objected that this statement constituted a comment on her failure to testify.  The trial court overruled the objection.

Appellant’s reasonable belief was an element of her claim of self defense.
(footnote: 3)  
A defendant does not necessarily have to testify to raise a self-defense claim.
(footnote: 4)  In fact, evidence of Appellant’s reasonable belief could have been offered by either side through witnesses other than Appellant.
(footnote: 5)  A statement that can reasonably be construed to refer to a defendant’s failure to bring evidence other than her own testimony is not improper.
(footnote: 6)  The prosecutor’s statement falls into this category; the trial court therefore did not abuse its discretion in overruling Appellant’s objection.  We overrule Appellant’s second point.

In her third point, Appellant complains that the trial court erred by omitting an instruction on defense of property from the jury charge.  Appellant contends that the instruction was necessary because she only hit the complainants, Mandy and Nicole, after they took her cigarette.  There was no evidence that Nicole had any designs on Appellant’s cigarette, tried to touch the cigarette, or did touch the cigarette.  Additionally, Appellant did not request a defense of property instruction regarding Nicole’s case.  While there was evidence that Mandy did take the cigarette, after she had repeatedly told Appellant that smoking was not allowed in the office, there was no evidence that Appellant tried to recover her cigarette after Mandy took it away, and there was no evidence that Appellant reasonably believed that force was immediately necessary to recover her cigarette.
(footnote: 7)  When there is no evidence of a defendant’s reasonable belief that force was necessary to recover her property, the refusal to instruct the jury on the defense of property is not error.
(footnote: 8)  We therefore overrule Appellant’s third point.

Having overruled Appellant’s points, we affirm the trial court’s judgments.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Green v. State
, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997).

3:
See
 
Tex. Penal Code Ann.
 § 9.31(a) (Vernon 2003).

4:
Smith v. State
, 676 S.W.2d 584, 586-87 (Tex. Crim. App. 1984); 
Boget v. State
, 40 S.W.3d 624, 626 (Tex. App.—San Antonio 2001), 
aff’d on other grounds
, 74 S.W.3d 23 (Tex. Crim. App. 2002).

5:
See Smith
,
 
676 S.W.2d at 586-87; 
Goodwin v. State
, 91 S.W.3d 912, 915 (Tex. App.—Fort Worth 2002, no pet.).

6:
Fuentes v. State
, 991 S.W.2d 267, 275 (Tex. Crim. App. 1999); 
Wolfe v. State
, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996).

7:
See
 
Tex. Penal Code Ann.
 § 9.41(b).

8:
MacDonald v. State
, 761 S.W.2d 56, 61 (Tex. App.—Houston [14
th
 Dist.] 1998, pet. ref’d); 
see Dyson v. State
, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984).