NO. 07-11-0045-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 27, 2012

_____


DIANNE HOPKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 119TH DISTRICT COURT OF TOM GREEN COUNTY;

NO. B-10-0068-SA; HONORABLE BEN WOODWARD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Dianne Hopkins, was convicted by a jury of murder, with special findings of sudden passion and use of a firearm. Punishment was assessed at twenty years confinement. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We modify a portion of the trial

---

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

court's judgment, grant counsel's motion to withdraw, and affirm the judgment as modified.

## FACTUAL BACKGROUND

At the time of the offense, Appellant was sixty years old, disabled, lived alone and suffered from various medical conditions. The deceased was a young woman in her twenties. Both of them lived in the same trailer park and were hostile toward each other due to a prior altercation that occurred in February 2009. During that altercation the deceased allegedly assaulted Appellant, requiring a visit to the emergency room, after Appellant kicked the deceased's car.

On the morning of September 22, 2009, the deceased was driving with her children down the dirt road exiting the trailer park when a sprinkler hanging from Appellant's fence sprayed her in the face. The deceased backed her car into Appellant's driveway, exited the car and went to Appellant's front door to complain about the sprinkler. According to Appellant's statement,[2] since the February assault she lived in fear of the deceased and customarily answered the door armed with a .38 revolver and pepper spray. According to a witness, the deceased repeatedly beat on the door, shouted obscenities and ordered Appellant to open the door. Although the evidence is conflicting as to what transpired between the two when Appellant finally opened the

---

[2]Appellant did not testify during the guilt/innocence phase of the trial.

door,[3] the end result was that Appellant shot the deceased in the left side of her chest. Both Appellant and a neighbor immediately called 911.

Evidence presented at trial demonstrated that Appellant and the deceased were both confrontational people. There was also testimony that each had made threats against the other. Defense counsel tried the case under a theory of self-defense and the jury was properly charged. The jury, however, rejected that theory and found Appellant guilty of murder. During the punishment phase of trial, evidence was presented that Appellant acted with sudden passion arising from an adequate cause.[4] The jury answered Appellant's sudden passion issue in the affirmative and assessed her punishment at twenty years confinement.

### *ANDER'S* BRIEF AND MOTION TO WITHDRAW

In support of his motion to withdraw, Appellant's counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated he has complied with the

---

[3]In her 911 call, Appellant states the deceased was attempting to grab her. A witness and friend of the deceased testified that Appellant opened the door just three or four inches with no conversation and shot the deceased.

[4]If at the punishment stage, a defendant raises the issue of sudden passion and proves the issue in the affirmative by a preponderance of the evidence, the offense is a second degree felony. Tex. Penal Code Ann. § 19.02(d) (West 2011).

3

requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of the right to file a *pro se* response if she desired to do so, and (3) informing her of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5] By letter, this Court granted Appellant an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. *Id.* at 409 n.23. Appellant did file a response. The State filed a letter brief agreeing with the trial court's judgment and indicating it would not be filing a response on the merits.

## ANALYSIS

A person is guilty of murder if he or she intentionally or knowingly causes the death of an individual. Tex. Penal Code Ann. § 19.02(b) (West 2011). Upon the law of self-defense, a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect himself or herself against the other's use or attempted use of unlawful force. *Id.* at § 9.31(a). Self-defense does not justify the use of force against another in response to verbal provocation alone. *Id.* at § 9.31(b)(1). The *sine qua non* of self-defense is the defendant's subjective state of mind. *Smith v. State,* 676 S.W.2d 584, 585 (Tex.Crim.App. 1984).

---

[5]Notwithstanding that Appellant was informed of her right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

Murder is a first degree felony punishable by confinement for life or for any term of not more than 99 years or less than 5 years. *Id.* at § 12.32(a). If, however, during the punishment stage of a murder trial, the defendant raises the issue of sudden passion arising from an adequate cause and proves that issue in the affirmative by a preponderance of the evidence, the crime is punishable as a second degree felony with a maximum sentence of twenty years confinement. *Id.* at §§ 19.02(d) and 12.33(a). The core concept of "sudden passion" is that at the moment of the killing the actor's mental state rendered him or her incapable of rational thought and collected action. *See Perez v. State*, 323 S.W.3d 298, 305 (Tex.App.--Amarillo 2010, pet. ref'd). *See also Swearingen v. State*, 270 S.W.3d 804, 820 (Tex.App.--Austin 2008, pet. ref'd). While sudden passion doesn't justify the actor's conduct, it may ameliorate the appropriate punishment.

Here, Appellant was given an appropriate self-defense charge which the jury considered and rejected. The jury was also properly instructed on the law pertaining to sudden passion, which it accepted.

By the *Anders* brief counsel raises three arguable issues, to-wit: (1) sufficiency of the evidence to support the conviction; (2) sufficiency of the evidence to prove that Appellant did not act in self-defense; and (3) ineffectiveness of trial counsel. Counsel then analyzes the potential issues and concludes they have no merit. We agree. We have also made a thorough and independent review of the record and we find no other potentially plausible basis to support an appeal.

5

## *PRO SE* RESPONSE

When we have an *Anders* brief by counsel and a *pro se* response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error, *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005) (citing *Anders*, 386 U.S. at 744); or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991)).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record, counsel's brief, and Appellant's pro se response, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe*, 178 S.W.3d at 824.

## ATTORNEY'S FEES

We do note, however, a clerical issue not raised by Appellant regarding the assessment of attorney's fees.[6] The *Bill of Costs* reflects that Appellant owes $500 in court-appointed attorney's fees and the judgment reflects that Appellant owes court

---

[6]When a defendant appeals his conviction, courts of appeals have jurisdiction to address any error in that case. *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex.Crim.App. 2012). Where, as here, the error appears on the face of the judgment and does not involve the merits of the criminal trial, but instead addresses the clerical correctness of the judgment, we find that the interest of justice dictates that we address the issue.

costs in accordance with that bill. In order to assess attorney's fees in a judgment, a trial court must determine the defendant has financial resources that enable him or her to offset in part or in whole the costs of legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011). Furthermore, the record must reflect some factual basis to support that determination. *Barrera v. State,* 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no pet.). The record in this case does not contain any evidence to support such a determination. Therefore, we conclude that the inclusion of attorney's fees in the court ordered costs was improper. *See Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order. *Id.* at 557. Accordingly, we modify the judgment to delete the order that Appellant pay $500 in court-appointed attorney's fees.

## CONCLUSION

Counsel's motion to withdraw is granted and as modified, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

7