

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1155-10

**JOSE MANUEL MORALES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

KELLER, P.J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, KEASLER, HERVEY, COCHRAN and ALCALA, JJ., joined. JOHNSON, J., concurred.

In 2007, the legislature made significant amendments to the self-defense statute, including adding provisions that allow a person, under certain circumstances, to stand his ground while defending himself and that, under certain circumstances, create a presumption that a defendant's conduct was reasonable. We are now called upon to construe some of those amendments and to determine what instructions should be given in the jury charge in such cases.

## I. BACKGROUND

On December 2, 2007, a fight broke out between the Kirby Block gang and the Manett Boys

gang. During the altercation, Enil Lopez and appellant's brother Juan fought each other. At some point, appellant shot and killed Lopez. Testimony about what transpired was conflicting. Some witnesses said Lopez was unarmed, and some said that he had a metal pipe (possibly a tire iron) and was beating Juan with it. One witness said that Juan helped pull some baseball bats out of a car and then participated with several others in beating Lopez. Other witnesses testified that Juan was lying helplessly on the ground while Lopez attacked him with a pipe. Appellant was indicted and went to trial for murder.

The jury charge contained instructions on defense of a third person. These instructions incorporated some instructions on self-defense. Originally, the charge included language regarding whether "a reasonable person in the defendant's situation would not have retreated." Appellant objected to this instruction as not consistent with the current statute. After studying the matter and consulting with staff attorneys, the trial judge modified the instructions. Appellant maintained that his objection still applied to the modified charge, and he requested that the italicized portions of the charge as set out below be deleted. The trial judge denied his request. The modified jury charge provided in relevant part:

> A person is justified in using deadly force against another if he could be justified in using force against the other in the first place, as set out above, and when he reasonably believes that such deadly force is immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force *and if a person in the defendant's situation would not have had a duty to retreat.*

> * * *

> Therefore a person may act against another in defense of a third person, provided he acted upon a reasonable apprehension of danger to such third person, as it appeared to him from his standpoint at the time, and that he reasonably believed such deadly force by his intervention on behalf of such third person was immediately necessary to protect such person from another's use or attempted use of unlawful deadly force,

*and provided it reasonably appeared to such person, as seen from his viewpoint alone, that a person in the situation of the person being defended would not have had a duty to retreat.*

A person who has a right to be present at the location where the force is used, who has not provoked the person against whom the force is used, and who is not engaged in criminal activity at the time the force is used is not required to retreat before using force as described herein.

\* \* \*

[If] it reasonably appeared to defendant that the life or person of Juan Carlos Morales was in danger, and there was created in defendant's mind a reasonable expectation or fear of Juan Carlos Morales' death or serious bodily injury from the use of unlawful deadly force at the hands of Enil Lopez *and that defendant reasonably believed that, under the circumstances then existing, a person in Juan Carlos Morales' situation would not have had a duty to retreat before using deadly force in his own defense*, and that the defendant, acting under such apprehension and reasonably believing that the use of deadly force, by his intervention, was immediately necessary to protect Juan Carlos Morales against Enil Lopez's use or attempted use of unlawful deadly force, then you will find the defendant not guilty, or, if you should have a reasonable doubt as to whether the defendant was acting in defense of Juan Carlos Morales on said occasion under the foregoing circumstances, then you should give the defendant the benefit of the doubt and find him "not guilty."[1]

The jury charge did not contain any instructions regarding a presumption of reasonable conduct in the self-defense context, nor did appellant request any such instructions. Appellant was convicted and sentenced to twenty-five years' imprisonment.

On appeal, appellant contended, *inter alia*, that the trial judge erred in failing to delete the complained-of references to a duty to retreat and that the trial judge erred in failing to include instructions regarding a presumption of reasonable conduct. With respect to the duty to retreat, the court of appeals held that there was no error in the charge because "the language of the charge states

---

[1] Italics added.

the penal code's language regarding when a person does not have a duty to retreat almost verbatim."[2]

The court of appeals held that the trial judge did not err in failing to submit instructions on the presumption of reasonableness because it "was undisputed that more than seven persons, including Juan, were involved in the fight" and that the fight constituted a riot, which would negate entitlement to the presumption.[3] However, the court of appeals sustained a point of error relating to the punishment phase—the failure of the jury instructions to require unanimity with respect to the "sudden passion" issue—and remanded the case for a new punishment hearing. Appellant now claims that the court of appeals erred in disposing of his complaints with respect to the defense-of-others instructions in the jury charge.[4]

## II. ANALYSIS

### A. Duty to Retreat

A defendant is justified in defending a third person if, under the circumstances as the defendant reasonably believes them to be, the third person would be justified in defending himself.[5]

---

[2] *Morales v. State*, No. 05-09-00182-CR, slip op. at 12 (Tex. App.–Dallas April 14, 2010) (not designated for publication).

[3] *Id.* at 14-15.

[4] The exact wording of appellant's grounds for review is:

[1] Whether the 2007 amendment to the self-defense statute eliminated the duty to retreat in a self-defense case.

[2] The trial court erred in failing to charge the jury on the statutory presumption that the appellant's belief that deadly force was immediately necessary is "presumed reasonable" under certain circumstances.

[5] *See* TEX. PENAL CODE § 9.33; *Hughes v. State*, 719 S.W.2d 560, 564 (Tex. Crim. App. 1986). All references to the Penal Code are to the current version unless otherwise stated.

The self-defense statute provides that deadly force is justified if, among other things, the actor "reasonably believes the deadly force is immediately necessary . . . to protect himself against the other's use or attempted use of unlawful deadly force."[6] Before 2007, the self-defense statute also imposed a requirement that "a reasonable person in the actor's situation would not have retreated."[7] Incorporating this retreat provision with respect to the defense of a third person meant instructing the jury that the defendant must have "reasonably believed that a reasonable person in the third person's situation would not have retreated."[8]

But this retreat provision was deleted in 2007.[9] With respect to situations involving deadly force, the legislature added provisions specifying when a person does *not* have a duty to retreat, namely:

> (c) A person who has a right to be present at the location where the deadly force is used, who has not provoked the person against whom the deadly force is used, and who is not engaged in criminal activity at the time the deadly force is used is not required to retreat before using deadly force as described by this section.
>
> (d) For purposes of Subsection (a)(2), in determining whether an actor described by Subsection (c) reasonably believed that the use of deadly force was necessary, a finder of fact may not consider whether the actor failed to retreat.[10]

These "no duty to retreat" provisions are not all-encompassing. By their language, they do not apply

---

[6] TEX. PENAL CODE § 9.32(a)(2)(A).

[7] TEX. PENAL CODE § 9.32(a)(2) (West 2006).

[8] *Hughes*, 719 S.W.2d at 564.

[9] *See* TEX. PENAL CODE § 9.32(a); Acts 2007, 80th Leg., ch. 1, § 3, eff. Sept. 1, 2007.

[10] TEX. PENAL CODE § 9.32(c), (d); Acts 2007, 80th Leg., ch. 1, § 3, eff. Sept. 1, 2007. Counterpart provisions with respect to self-defense that does not involve deadly force were also added. *See* TEX. PENAL CODE § 9.31(e), (f); Acts 2007, 80th Leg., ch. 1, § 2, eff. Sept. 1, 2007.

if the defendant provoked the person against whom force or deadly force was used or if the defendant was engaged in criminal activity at the time. But when these provisions do apply, the defendant has no duty to retreat.

When these provisions do not apply, the failure to retreat may be considered in determining whether a defendant reasonably believed that his conduct was immediately necessary to defend himself or a third person.[11] In such cases, the prosecutor may argue the failure to retreat as a factor in determining whether the defendant's conduct really was immediately necessary. Or if a fact issue is raised regarding the applicability of the provisions that specifically negate a duty to retreat, the prosecutor can argue that the facts do not satisfy the provisions and then argue the failure to retreat as a factor relevant to the defensive issue.

But that does not mean that the trial court should submit a jury instruction regarding a general duty to retreat. "[S]pecial, non-statutory instructions, even when they relate to statutory offenses or defenses, generally have no place in the jury charge."[12] If a matter is contained within a relevant statute, the trial judge may appropriately instruct the jury on the wording of the statute.[13] But if the legislature decides to remove the matter from the statute, then the statute no longer authorizes the inclusion of the matter in the jury charge.[14] Though the matter might still be a relevant evidentiary

---

[11] *See* TEX. PENAL CODE §§ 9.31 (force is justified "when and to the degree the actor reasonably believes the force is immediately necessary to protect" against unlawful force), 9.32 ("when and to the degree the actor reasonably believes the deadly force is immediately necessary" to protect against deadly force or to prevent the imminent commission of certain crimes).

[12] *Walters v. State*, 247 S.W.3d 204, 211 (Tex. Crim. App. 2007).

[13] *Id.* at 211-12.

[14] *Id.* at 212.

issue in the prosecution, the unauthorized inclusion of the instruction constitutes a comment on the weight of the evidence.[15]

Before 2007, the deadly-force self-defense statute contained a provision imposing a general duty to retreat. At that time, a jury instruction regarding a general duty to retreat was appropriate. But the statute no longer contains the language regarding a general duty to retreat. In situations where the Legislature has not specifically negated a duty to retreat, the prosecutor can argue the failure to retreat as a relevant factor in determining the defendant's mental state and the reasonableness of his conduct, but the jury cannot be instructed regarding retreat because such an instruction would be a comment on the weight of the evidence.

In an attempt to take the new version of the statute into account, the trial judge modified his original instructions. Instead of asking the jury to determine whether "a reasonable person would not have retreated," the instructions asked the jury to determine whether a person "would not have had a duty to retreat." But no language in the current self-defense statutes calls for determining, as a general matter, whether a duty to retreat exists. There are only provisions that say, under specified circumstances, that a person is *not* required to retreat. The court of appeals's statement that the trial judge's instructions tracked the current statute was only half right: The trial judge submitted an

---

[15] *Id.* Generally speaking, an instruction constitutes a comment on the weight of the evidence if the instruction is not grounded in statute, is covered by the general charge to the jury, and focuses the jury on a specific type of evidence that may support an element of an offense or defense. *Id.* Some instructions that we have held to be impermissible comments on the weight of the evidence are (or would be, if submitted): a self-defense instruction regarding "prior verbal threats," *Id.* at 212-14, an instruction on alibi, *Giesberg v. State*, 984 S.W.2d 245, 250 (Tex. Crim. App. 1998); an instruction that "intent or knowledge may be inferred by acts done or words spoken," *Brown v. State*, 122 S.W.3d 794, 801-03 (Tex. Crim. App. 2003), and an instruction that voluntary intoxication may be relevant to determining whether a defendant's conduct was intentional or knowing. *Davis v. State*, 313 S.W.3d 317, 329-30 (Tex. Crim. App. 2010).

instruction that tracked the current statute, but as can be seen from the italicized portions of the jury instructions set out above, he also submitted additional instructions, which did not conform to the statute.

We conclude that the trial court erred in submitting the italicized portions of the jury charge set out above because those instructions were not authorized by statute and they constituted comments on the weight of the evidence.

### B. Presumption of Reasonableness

With the 2007 amendments, the Legislature added provisions that required the jury to presume that deadly force was reasonable under certain circumstances.[16] According to appellant, the following presumption should have been submitted:

> The actor's belief under Subsection (a)(2) that the deadly force was immediately necessary as described by that subdivision is presumed to be reasonable if the actor:
>
> > (1) knew or had reason to believe that the person against whom the deadly force was used . . . was committing or attempting to commit an offense described by Subsection (a)(2)(B);
> >
> > (2) did not provoke the person against whom the force was used; and
> >
> > (3) was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic at the time the force was used.[17]

The Penal Code requires that a presumption that favors the defendant be submitted to the jury "if there is sufficient evidence of the facts that give rise to the presumption . . . unless the court is

---

[16] TEX. PENAL CODE § 9.32(b); Acts 2007, 80th Leg., ch. 1, § 3, eff. Sept. 1, 2007. Counterpart provisions with respect to self-defense that does not involve deadly force were also added. *See* TEX. PENAL CODE § 9.31(a); Acts 2007, 80th Leg., ch. 1, § 2, eff. Sept. 1, 2007.

[17] *See* TEX. PENAL CODE § 9.32(b)(1)(C), (2), (3).

satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact."[18]

As we observed earlier, the court of appeals concluded that there was insufficient evidence to submit the presumption because the fight constituted a riot, due to its consisting of more than seven persons, and because Juan was involved in the fight. If Juan were guilty of violating the riot statute, then he would be "otherwise engaged in criminal activity," and the presumption would not apply to any force or deadly force used by him.[19]

Under the riot statute, a riot exists if, among other things, an "assemblage of seven or more persons" results in conduct that "creates an immediate danger of damage to property or injury to persons."[20] A person commits an offense "if he knowingly participates in a riot."[21] We will assume, without deciding, that the fight constituted a riot. The court of appeals pointed to several acts that showed Juan's participation in the riot: fighting Lopez, pulling baseball bats out of a car, and participating with seven to nine other individuals in beating Lopez. But while the court of appeals says that Juan's involvement in the riot was undisputed, it does not say whether his commission of all of these acts was undisputed. If the evidence that Juan pulled baseball bats out of a car and participated in the beating is undisputed, then his participation in the riot would be unquestionably established. But this evidence appears to be disputed; it seems to be inconsistent with the testimony of other witnesses who suggested that Lopez was beating Juan with a pipe while Juan lay helplessly

---

[18] *Id.*, § 2.05(b)(1).

[19] *See id.*, §§ 9.31(a)(3), 9.32(b)(3).

[20] *Id.*, § 42.02(a)(1).

[21] *Id.*, §42.02(b).

on the ground. We do not hold that this evidence is inconsistent. We merely note the possibility of inconsistency and leave it to the court of appeals to address on remand (if necessary) whether there is an actual conflict in the evidence.

Although it appears to be undisputed that Juan was fighting Lopez during the riot, the question remains whether Juan's fighting was justified as self-defense. The self-defense and defense of third person statutes are not limited to particular crimes; they simply provide that a person's use of force or deadly force is justified if certain circumstances are met.[22] These defenses logically apply to the crime of participating in a riot, so long as *all* of the actor's actions that would otherwise constitute participation are justified under one or more of these defenses.[23] Not only is this interpretation consistent with the plain language of the self-defense and defense-of-others statutes,[24] it avoids the absurd result of penalizing someone simply because his attackers are numerous. A person who legitimately defends himself against attack should not be open to criminal liability simply because, instead of being faced with one attacker, he is faced with seven.

We also point out that the focus of the defense-of-third-persons defense is upon what the actor reasonably believes concerning the situation of the third person.[25] If appellant reasonably believed that Juan's participation in the riot was limited to legitimately defending himself, then appellant would be entitled to the presumption, even if appellant's belief was actually incorrect.

---

[22] *Alonzo v. State*, 2011 Tex. Crim. App. LEXIS 1181, 5-12 (Tex. Crim. App. September 14, 2011); TEX. PENAL CODE §§ 9.31(a), 9.32(a), 9.33.

[23] If only some of the acts of participation are justified, then, of course, the actor is guilty of participating in a riot.

[24] *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[25] *See* this opinion at footnotes 5 and 7.

In this case, the court of appeals did not address whether there was some evidence to support a finding that appellant reasonably believed the facts to be such that, if the belief were accurate, all of Juan's actions would be justified by self-defense. If there is a conflict in the evidence on the relevant matters, then there may be a fact issue supporting the submission of the presumption to the jury, "unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact."[26] We conclude that the court of appeals's analysis on whether appellant was entitled to a presumption charge was incomplete.

### III. DISPOSITION

The court of appeals has some flexibility in proceeding, so long as it does not proceed in a manner inconsistent with holdings set out above. It may address singly, or in combination, any error or harm issue(s) that would logically dispose of the case.[27] The court of appeals is free to make alternate holdings if it so desires. We reverse the judgment of the court of appeals and remand the case for proceedings consistent with this opinion.

Delivered: November 9, 2011
Publish

---

[26] TEX. PENAL CODE § 2.05(b)(1). We need not address the standard of review required for submission of a defense presumption. That is a matter the court of appeals can address on remand, if necessary.

[27] *See State v. Elias*, 339 S.W.3d 667, 679 (Tex. Crim. App. 2011) (court of appeals's disposition of one issue can obviate the need to address a different issue); *State v. Plambeck*, 182 S.W.3d 365, 367 n.10 (Tex. Crim. App. 2005) ("A court is not required to address issues that become moot because of the resolution of other issues.").