

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00388-CR

**HAROLD WILLIAM KISELOFF,**

                                       **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                       **Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 37105CR

## MEMORANDUM OPINION

Harold William Kiseloff was convicted of aggravated assault with a deadly weapon, family violence and was sentenced to five years in prison. TEX. PENAL CODE ANN. § 22.02(b)(1) (West 2011). The sentence was suspended, and Kiseloff was placed on community supervision for five years. The victim of the assault was Kiseloff's adult son. Because the evidence was sufficient to support the jury's rejection of Kiseloff's self-defense theory, we affirm the trial court's judgment.

**BACKGROUND**

Kiseloff and two of his three sons lived in a house/barn in Ellis County, Texas. One son, Kurtis, had been in and out of mental health facilities for several years. Kurtis had recently left one facility when the assault took place. On the day of the offense, Kurtis and Kiseloff fought over a pack of cigarettes. They had been drinking. Kurtis ultimately hit Kiseloff in the face, and Kiseloff threw a "ham" radio at Kurtis. Kurtis then left the house/barn, and while on the ground level was shot twice from the balcony as he was leaving the house/barn. Kiseloff claimed he shot Kurtis in self-defense.

**SUFFICIENCY OF THE EVIDENCE TO REJECT SELF-DEFENSE**

In one issue, Kiseloff asserts the evidence is both legally and factually insufficient to support the jury's rejection of his claim of self-defense.

Self-defense justifies the use of deadly force if certain circumstances are met. *Morales v. State*, 357 S.W.3d 1, 7 (Tex. Crim. App. 2011). Under the Texas Penal Code, the use of deadly force is justified

> (1) if the actor would be justified in using force against the other under Section 9.31; and
> (2) when and to the degree the actor reasonably believes the deadly force is immediately necessary:
> (A) to protect the actor against the other's use or attempted use of unlawful deadly force . . . .

TEX. PENAL CODE ANN. § 9.32(a) (West 2011). The use of force is justified under Section 9.31 "when and to the degree the actor reasonably believes the force is immediately

necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (West 2011).

Once a defendant produces some evidence raising the issue of self-defense, the State bears the burden of persuasion to show beyond a reasonable doubt that the defendant's actions were not justified. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). To meet its burden of persuasion, the State is not required to produce additional evidence. *Saxton*, 804 S.W.2d at 913. If the jury finds the defendant guilty, it has made an implicit finding against any defensive theory raised by the defendant. *Id*. at 914; *Zuliani*, 97 S.W.3d at 594.

The *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (referring to *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). Because the State carries the burden of persuasion to disprove self-defense beyond a reasonable doubt, we review a challenge to the sufficiency of the evidence supporting a jury's rejection of a claim of self-defense under only the *Jackson* standard. *See id*.; *Smith v. State*, 355 S.W.3d 138, 145 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *see also Alexander v. State*, No. 06-12-00133-CR, 2013 Tex. App. LEXIS 10511, *3 (Tex. App.—Texarkana Aug.

21, 2013, no pet.) (not designated for publication); *Miranda v. State*, 350 S.W.3d 141, 147

(Tex. App.—San Antonio 2011, no pet.).

The Court of Criminal Appeals has expressed our standard of review of a

sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the

evidence" includes evidence that was properly and improperly admitted. *Conner v.*

*State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting

inferences, we must presume that the factfinder resolved the conflicts in favor of the

prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307,

326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence

are treated equally: "Circumstantial evidence is as probative as direct evidence in

establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to

establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

**EVIDENCE**

It was generally undisputed that Kiseloff and Kurtis fought the day of the offense and that Kiseloff sustained some injury to his face. It was also undisputed that Kurtis had previously been committed several times to mental health facilities and that he was bipolar/schizophrenic. But in the light most favorable to the jury's verdict, the evidence showed that after the fight was over, Kurtis was shot in the back while he was leaving his father's property. Kurtis ran toward the woods at the back of the property and was shot in the hip. More shots were being fired at Kurtis and he crawled to the edge of the woods. Kurtis knew his father was the one who was shooting at him.

Kiseloff claimed through statements to police that he shot Kurtis in self-defense. He claimed that Kurtis had threatened to kill him, that Kurtis said he had his brother's gun, and that he thought Kurtis was pointing a gun at him when he shot Kurtis. Kiseloff also told police that he knew Kurtis had access to two weapons. No gun was found on or around Kurtis when he was discovered at the edge of the woods. Further, the State introduced evidence of phone calls from Kiseloff to one of his other sons in

which Kiseloff attempted to convince the son to "back up" Kiseloff's story that Kurtis had a gun.

**CONCLUSION**

The jury was not required to believe Kiseloff's version of the events of the day. After viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt and also could have found against Kiseloff on his claim of self-defense beyond a reasonable doubt.

Kiseloff's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed January 2, 2014
Do not publish
[CR25]