

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00163-CR

_____

JUAN POLO CRUZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd District Court
Dallas County, Texas
Trial Court No. F-12-54046-T

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Juan Polo Cruz shot and killed Victor Carmona with a pistol-grip shotgun. A jury rejected Cruz' self-defense claim and convicted him of murder. Cruz was sentenced to thirty-five years' imprisonment and ordered to pay a $10,000.00 fine. In the jury charge on guilt/innocence, the trial court instructed the jury that Cruz was not required to retreat if the jury found, among other things, that he was not engaged in criminal activity at the time that he used deadly force. On appeal,[1] Cruz argues that this jury instruction was erroneous. We affirm, finding that the court's instruction was a proper statement of the law.

Cruz became enraged when he discovered that his common-law wife, Angelina Davalos, was communicating with her ex-boyfriend, Carlos Barrios. Davalos testified that Cruz grabbed his pistol-grip shotgun, forced her into his vehicle, and made her call Barrios so that Cruz could discover Barrios' location and confront him. As a result of the telephone call, Cruz learned that Barrios was at an outdoor basketball court with his cousin, Carmona. Barrios waited in Carmona's car for Davalos to meet him.

Before closing in on Barrios' location, Cruz dropped Davalos off in a nearby residential area. Davalos testified that she heard gunshots soon after Cruz drove away. Barrios described the shooting as a drive-by, saying that Cruz (1) backed into the parking space beside Carmona so that the driver's side of Cruz' vehicle was immediately adjacent to the driver's side of Carmona's vehicle, (2) cocked his gun as he was inching closer to Carmona's vehicle, (3) shot

---

[1]Originally appealed to the Fifth Court of Appeals in Dallas, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Fifth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

and injured Barrios, (4) shot and killed Carmona, and (5) drove away. Barrios testified that no words were exchanged and that neither he nor Carmona had time to open the car doors or exit the vehicle before the shooting.

Cruz testified in his own defense. Cruz claimed that he had previously asked Barrios to stop talking to Davalos and that Barrios responded to that request by threatening Cruz' life. On the day of the incident, after Cruz discovered that Barrios was still communicating with Davalos, Cruz testified that he called Barrios, that Barrios challenged him to a fight, and that Barrios asked Cruz to meet him at the outdoor basketball court. Cruz armed himself with a shotgun and decided to fight Barrios. Cruz told the jury that he pulled up next to Carmona's car, that Barrios greeted him by using derogatory language, and that Carmona reached for something in the back seat. Believing that Carmona could be reaching for a weapon, Cruz discharged his own weapon into Carmona's car and drove away.

Based on his own testimony, Cruz requested inclusion of self-defense and "no duty to retreat" instructions in the jury charge. Section 9.32(c) of Texas' Penal Code, titled "Deadly Force in Defense of Person," states,

> A person who has a right to be present at the location where the deadly force is used, who has not provoked the person against whom the deadly force is used, *and who is not engaged in criminal activity at the time the deadly force is used* is not required to retreat before using deadly force as described by this section.

TEX. PENAL CODE ANN. § 9.32(c) (West 2011) (emphasis added). The trial court read the statutory language during the charge conference, confirmed that Cruz wanted to include this

3

language in the jury charge, and accommodated Cruz' request by submitting an instruction

tracking the language of Section 9.32(c).[2]

Yet, at the charge conference, Cruz lodged an objection to the inclusion in the Section

9.32(c) instruction of the phrase "and who is not engaged in criminal activity at the time the

force is used." Cruz explained,

> There's no evidence of any criminal activity. It's not raised by the issue. I know that's what the pattern charges show and the statute shows. However, putting that in there could be construed as a comment on the evidence and also could be misleading to the jury.[3]

> There's a shotgun – pistol[-]grip shotgun that's in evidence. That's not an illegal weapon. It's not any part of the State's case that there was illegal activity. I think having it in there runs the risk of misleading and confusing the jury.

After hearing this argument, the trial court overruled Cruz' objection. Cruz contends that the

trial court's decision was in error.

Our review of alleged jury charge error involves a two-step process. *Abdnor v. State*, 871

S.W.2d 726, 731 (Tex. Crim. App. 1994); *see Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim.

App. 2009); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Initially, we determine

whether an error occurred, and then we "determine whether sufficient harm resulted from the

error to require reversal." *Abdnor*, 871 S.W.2d at 731–32; *Almanza v. State*, 686 S.W.2d 157,

---

[2]The trial court's instruction was identical to the statutory language in Section 9.32 except that the charge referred to "force" instead of "deadly force." *See* TEX. PENAL CODE ANN. § 9.32(c).

[3]"Generally speaking, an instruction constitutes a comment on the weight of the evidence if the instruction is not grounded in statute, is covered by the general charge to the jury, and focuses the jury on a specific type of evidence that may support an element of an offense or defense." *Morales v. State*, 357 S.W.3d 1, 5 n.15 (Tex. Crim. App. 2011).

172 (Tex. Crim. App. 1984) (op. on reh'g), *reaff'd by Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007). A trial court must submit a charge distinctly setting forth the "law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). When an individual shows that he (1) had a right to be present at the location where the deadly force is used, (2) had not provoked the person against whom the force was used, *and* (3) was not engaged in criminal activity at the time the force was used, then "a finder of fact may not consider whether the actor failed to retreat" in determining "whether [the] actor . . . reasonably believed that the use of deadly force was [immediately] necessary." TEX. PENAL CODE ANN. § 9.32(a)(2), (d) (West 2011); *see Morales*, 357 S.W.3d at 5; *Whitney v. State*, 396 S.W.3d 696, 703 (Tex. App.—Fort Worth 2013, pet. denied).

Cruz requested the Section 9.32(c) instruction and maintained his claim that he shot Carmona in self-defense. He argued that the "engaged in criminal activity" clause should have been omitted from the jury instruction because there was no evidence that he was engaged in criminal activity. However, Barrios testified that Cruz had previously threatened to kill him in the event the two encountered each other in person. Thus, at trial, the State argued that Cruz (1) grabbed his gun and climbed into his car with the intent to kill Barrios, (2) "racked" his shotgun as he approached Carmona's car, and (3) was, thus, engaged in criminal activity. In order to receive the benefit of the Section 9.32(c) instruction, Cruz was required to show, given

5

the conflicting evidence, that he was not engaged in criminal activity at the time the deadly force was used. Thus, the trial court's instruction was proper.[4]

Moreover, "if a matter is contained within a relevant statute, the trial judge may appropriately instruct the jury on the wording of the statute." *Morales*, 357 S.W.3d at 5. Thus, "a trial court will not be held to have erred in its jury charge by tracking the law as set out by the legislature." *Whitney*, 396 S.W.3d at 703 (citing *Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996); *Riddle v. State*, 888 S.W.2d 1, 8 (Tex. Crim. App. 1994)); *see Malone v. State*, 405 S.W.3d 917, 927 (Tex. App.—Beaumont 2013, pet. ref'd). Because the trial court's jury charge tracked the statutory language of Section 9.32(c), no error has been shown.

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     July 16, 2014
Date Decided:       July 17, 2014

Do Not Publish

---

[4]The State aptly notes, "[I]f the court had sustained [Cruz]'s objection and removed the complained-of phrase, the instruction would no longer have been a correct statement of the law[;] it would have essentially stated that a person has no duty to retreat regardless of whether he is engaged in criminal activity at the time the force is used."

6