ACCEPTED
04-14-00338-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/1/2015 10:55:29 AM
KEITH HOTTLE
CLERK

No. 04-14-00338-CR

IN THE COURT OF APPEALS FOR THE
FOURTH JUDICIAL DISTRICT OF TEXAS, AT SAN ANTONIO.

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
6/1/2015 10:55:29 AM
KEITH E. HOTTLE
Clerk

**Benny Cavazos Valverde**
Appellant

v.

**The State of Texas**
Appellee

On Appeal in Case Number 2012CR3980, from the 290th District
Court of Bexar County, the Hon. Melisa Skinner, Judge Presiding

# Brief on Appeal

Submitted by:

**John G. Jasuta**
Attorney at Law
State Bar Card No. 10592300
lawyer1@johnjasuta.com

**David A. Schulman**
Attorney at Law
State Bar Card No. 17833400
zdrdavida@davidschulman.com

1801 East 51st Street, Suite 365-474
Austin, Texas 78723
Tel. 512-474-4747
Fax: 512-532-6282

Attorneys for Benny Cavazos Valverde

**Oral Argument Not Requested**

# Identity of Parties and Counsel

Pursuant to Rule 38.1(a), Rules of Appellate Procedure ("Tex.R.App.Pro."), the following is a complete list of the names and addresses of all parties to the trial court's final judgment and their counsel in the trial court, as well as appellate counsel, so the members of the Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case and so the Clerk of the Court may properly notify the parties to the trial court's final judgment or their counsel, if any, of the judgment and all orders of the Court of Appeals.

## Appellant

Benny Cavazos Valverde
TDCJ No. 1924413
Wallace Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

| Trial Counsel | Appellate Counsel |
|---|---|
| **Michael Sawyer** | **David A. Schulman** |
| SBN 17693800 | SBN 17833400 |
| **Kirk Sherman** | **John G. Jasuta** |
| SBN 18243600 | SBN 10592300 |
| 1111 Quintana Road | 1801 East 51st St, Ste 365-474 |
| San Antonio, Texas 78211 | Austin, Texas 78723 |

## State of Texas

Nicholas "Nico" Lahood
Criminal District Attorney
300 Dolorosa Street
San Antonio, Texas 78205

| Trial Counsel | Appellate Counsel |
|---|---|
| **Wendy Wilson-Ortiz** | **Laura E. Durbin** |
| SBN 240003241 | SBN 24068556 |
| **Alaina Altis** | |
| SBN 24006756 | |

i

# Table of Contents

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . .  i

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Use of Abbreviations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Issues Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Point of Error Restated. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

> **The Evidence to Sustain the Conviction is Insufficient, Because the Evidence Supporting the Jury's Rejection of Appellant's Self-Defense Claim is Insufficient.**

Facts Relevant to Point of Error. . . . . . . . . . . . . . . . . . . . . . 4

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . 5

Argument & Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . 5

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . 12

Certificate of Compliance and Delivery. . . . . . . . . . . . . . . . . . 13

# Index of Authorities

**Federal Cases**:

*Jackson v. Virginia*, 443 U.S. 307 (1979).. . . . . . . . . . . . . 6-8

**Texas Cases**:

*Allen v. State*, 253 S.W.3d 260 (Tex.Cr.App. 2008). . . . . . . . . 6

*Brooks v. State*, 323 S.W.3d 893 (Tex.Cr.App. 2010). . . . . 6, 7

*Clayton v. State*, 235 S.W.3d 772 (Tex.Cr.App. 2007).. . . . . . 8

*Hooper v. State*, 214 S.W.3d 9 (Tex.Cr.App. 2007). . . . . . . 7, 8

*Lancon v. State*, 253 S.W.3d 699  (Tex.Cr.App. 2008).. . . . . 10

*Miranda v. State*, 350 S.W.3d 141
    (Tex. App. - San Antonio 2011) . . . . . . . . . . . . . . . . . . . . 7

*Morales v. State*, 357 S.W.3d 1 (Tex.Cr.App. 2011).. . . . . . . . 6

*Saxton v. State*, 804 S.W.2d 910
    (Tex.Cr.App. 1991). . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 10

*Zuliani v. State*, 97 S.W.3d 589 (Tex.Cr.App. 2003). . . . . . 5, 6

## Use of Abbreviations

In this brief, Appellant's references to the Amended Clerk's Record are "ACR" - e.g. (ACR 24), while the Reporter's Record is referred to as "RR" - e.g. (RR Vol. 3, PP. 122, 133).

## Statement of the Case

The following is a brief general statement of the nature of the cause or offense:

On May 23, 2012, a grand jury indicted Appellant with one count of murder alleged to have occurred on September 4, 2011 (ACR 24), and the State filed notice of its intent to enhance punishment on February 19, 2013 (ACR 37-38). Appellant having elected to have the trial court assess punishment if he were found guilty, trial began on February 11, 2014 (RR Vol. 3, P. 1), and the jury received the case on February 13, 2014 (RR Vol. 3, P. 1). After the jury announced it was unable to reach a unanimous verdict (ACR 119), the trial court sequestered the jury overnight (RR Vol. 5, P. 164). The jury resumed deliberations and returned a guilty verdict on Friday, February 14, 2014 (RR Vol. 6, P. 6).

Appellant pled true to the enhancement allegation (RR Vol. 7, P. 9), and was sentenced to confinement for a period of thirty [30] years, with no fine, judgment of conviction being entered on March 20, 2014 (ACR 130). The trial court certified Appellant retained the right to appeal that same date (ACR 126).

Appellant filed a Motion for New Trial on April 15, 2014 (ACR 132), and Notice of Appeal on April 17, 2014 (ACR 134). The trial court held a hearing on Appellant's motion for new trial on May 5, 2014, and summarily overruled the motion (Vol. 9, P. 54).

## Issues Presented

The following are the points upon which this appeal is predicated:

**The Evidence to Sustain the Conviction is Insufficient, Because the Evidence Supporting the Jury's Rejection of Appellant's Self-Defense Claim is Insufficient.**

No. 04-14-00338-CR

IN THE COURT OF APPEALS FOR THE
FOURTH JUDICIAL DISTRICT OF TEXAS, AT SAN ANTONIO

**Benny Cavazos Valverde**, Appellant

v.

**The State of Texas**, Appellee

On Appeal in Case Number 2012CR3980, from the 290th District Court
of Bexar County, the Hon. Melisa Skinner, Judge Presiding

# Brief on Appeal

TO THE HONORABLE FOURTH COURT OF APPEALS:

COMES NOW, Benny Cavazos Valverde, Appellant in the above styled and numbered cause, by and through David A. Schulman and John G. Jasuta, his undersigned attorneys of record, and respectfully files this "Brief on Appeal," and would show the Court as follows:

## Statement of Facts

Mike's Tavern is a neighborhood pub on Culebra Road, in San Antonio, which by the accounts of all the witnesses at trial, caters

to an older clientele (RR Vol. 3, PP. 122, 133; Vol. 4 PP. 34, 118, 242, 271). Appellant was a regular at the bar, whereas the deceased, David Ramirez, was not (RR Vol. 3, P. 20).

The deceased entered the tavern around 11 p.m., and immediately began exhibiting a particularly "ugly" and belligerent attitude (RR Vol. 3, P. 115; Vol. 4, PP. 17, 39, 126, 134, 191). When he arrived, the deceased was already intoxicated (RR Vol. 3, PP. 139, 153), and post-mortem toxicology test revealed his blood alcohol concentration was .127 and "still rising" (RR Vol. 4, PP. 93, 94).

Tavern personnel twice told the deceased they would escort him out if he did not calm down (RR Vol. 3, PP. 164-165). Nevertheless, he continued to make rude demands, but directed his most vile and derisive remarks towards Appellant, an old childhood acquaintance (RR Vol. 4, PP. 20, 41, 44, 132-138, 185, 203, 249). Appellant asked the deceased no less than three (3) times to go drink elsewhere in the bar (RR Vol. 4, PP. 21, 23, 46, 138, 248], but he insisted on continuing to stand right next to

2

Appellant, with only one man, Alvino Medellin, between them 9RR Vol. 3, PP. 119, 179; Vol. 4, PP. 20, 127, 199).

The deceased's behavior become more obnoxious, and, ultimately, he peered around Medellin and threatened Appellant by stating, "When I'm done with this beer, I have something for you" (RR Vol. 4, PP. 156, 169, 259). The deceased then pointed downward towards his waistband, where Appellant saw a distinct bulge (RR Vol. 4, PP. 169, 259, 262). The deceased made this verbal threat and gesture no less than three (3) times (RR Vol. 4, PP. 260).

As the deceased emptied his beer, Appellant noticed that the deceased "was going for that gun" (RR Vol. 4, PP. 263, 264). Acting while in fear of serious bodily injury or death, Appellant grabbed the deceased in something of a "bear hug" and reached for the bulge (RR Vol. 4, PP. 264-266, 292). When he reached for the bulge, Appellant discovered the deceased did, in fact, possess a firearm and was trying to pull it out of his waist band (RR Vol. 4, PP. 266, 293).

A brief struggle over the weapon ensued and the firearm discharged, causing a contact wound a just beneath the deceased's left nipple (RR Vol. 4, P. 83-85), resulting in the deceased's heart being severely damaged (RR Vol. 4, P. 90). Images taken at the scene depict complainant on the ground with an empty or nearly empty beer bottle still clutched in his right hand (RR Vol. 4, P. 41).

## Point of Error Restated

### The Evidence to Sustain the Conviction is Insufficient, Because the Evidence Supporting the Jury's Rejection of Appellant's Self-Defense Claim is Insufficient

## Facts Relevant to Point of Error

There was no dispute but that when the deceased, David Ramirez, entered Mike's Tavern on the night in question, he was very intoxicated and he using abusive language towards the staff and other patrons. Similarly, it was not disputed that he was extremely rude to Appellant, calling him several different derogatory names in Spanish. There was never a dispute about the shooting itself, as it was clear that there was a physical

4

struggle and a shooting, with Appellant emerging and the deceased falling to the floor.

## Summary of the Argument

The jury's implied rejection of Appellant's self-defense claim was based on pure speculation, as it was completely unsupported by the evidence.

## Argument & Authorities

Upon raising a defense to prosecution, such as self-defense, a defendant bears the burden of producing some evidence which supports the claimed defense. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex.Cr.App. 2003); *Saxton v. State*, 804 S.W.2d 910, 913 (Tex.Cr.App. 1991). Once the defendant produces such evidence, the burden shifts to the State, which bears the burden of persuasion "to disprove the raised defense." *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804 S.W.2d at 913-914.

To prevail on a claim of self-defense, a defendant must prove that:

❶ he would have been justified in using force against the other person, and

❷ it was reasonable to believe that "deadly force [was] immediately necessary [for protection] against the other's use or attempted use of unlawful deadly force.

*Morales v. State*, 357 S.W.3d 1, 7 (Tex.Cr.App. 2011). The burden of persuasion does not require the production of evidence, but it does require the State to persuade the jury beyond a reasonable doubt that the defendant did not act in self-defense. *Allen v. State*, 253 S.W.3d 260, 267 (Tex.Cr.App. 2008); *Zuliani*, 97 S.W.3d at 594. A jury verdict of guilt is an implicit finding against the defensive theory. *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804 S.W.2d at 914.

The legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is

6

required to prove beyond a reasonable doubt." ***Brooks v. State***, 323 S.W.3d 893, 895 (Tex.Cr.App. 2010). Because the State carries the burden of persuasion to disprove self-defense beyond a reasonable doubt, the appellate court reviews a challenge to the sufficiency of the evidence supporting a jury's rejection of a claim of self-defense under the ***Jackson*** standard. ***Brooks***, 323 S.W.3d at 895; see also ***Miranda v. State***, 350 S.W.3d 141, 147 (Tex. App. - San Antonio 2011).

In evaluating sufficiency of the evidence under the ***Jackson*** standard, an appellate court reviews all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. ***Brooks***, 323 S.W.3d at 912 (citing ***Jackson***, 443 U.S. at 319). The reviewing court examines legal sufficiency under the direction of the ***Brooks*** opinion while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." ***Hooper***

*v. State*, 214 S.W.3d 9, 13 (Tex.Cr.App. 2007), citing **Jackson**, 443 U.S. at 318-319; see also **Clayton v. State**, 235 S.W.3d 772, 778 (Tex.Cr.App. 2007).  Appellant submits that, even viewing all of the evidence in the light most favorable to the jury's rejection of self-defense, it is clear that a rational fact finder could <u>not</u> have found beyond a reasonable doubt against Appellant on the self-defense issue.

- While there is evidence that the deceased was demanding and disrespectful to the tavern's staff, there is no evidence that the deceased was not demanding and disrespectful to the tavern's staff.

- While there is evidence that the deceased continually insulted Appellant with derogatory remarks, there is no evidence that the deceased did not direct derogatory remarks towards Appellant, and there is no evidence that Appellant directed derogatory remarks towards the deceased.

- While there is evidence that the deceased threatened Appellant, there is no evidence that the deceased did not threaten Appellant, and there is no evidence that Appellant threatened the deceased.

- While there is evidence that the deceased initiated the altercation leading to his death, there is no evidence indicating that he did not initiate the altercation and there is no evidence that Appellant initiated it.

8

- While there was evidence that the deceased was carrying the gun from which the fatal bullet was fired, there is no evidence that the deceased was not carrying the gun and there is no evidence that Appellant was carrying the gun.

The State's theory was that it was Appellant, rather than the deceased, who was angry that night, that Appellant carried a gun into the tavern that night, and that Appellant "carried a gun on his person in that bar on a regular basis" (RR Vol. 5, PP. 142-143). The State's claims, however, are without any evidentiary support.

There is no evidence that Appellant harbored or directed any anger toward the deceased. Moreover, the State conceded that "nobody" saw the defendant with a gun (RR Vol. 5, P. 143). Additionally, the record is devoid of any evidence that Appellant ever carried a gun into Mike's Tavern. This was not a case of competing evidence, some supportive of the self-defense claim and some not. Rejection of the evidence supporting the self-defense claim would leave nothing supporting a finding of guilt.

The only evidence before the jury demonstrated a series of threats to initiate deadly violence by the deceased, and a self-

9

defensive reaction to the immediate threat by Appellant. This evidence was never overcome by the State and, therefore, the State's factually unsupported argument cannot serve as the basis of rejection of self defense.

Appellant acknowledges that the jury was free to accept or reject the defensive issue. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex.Cr.App. 2008); *Saxton*, 804 S.W.2d at 913-914. In this case, however, there was no evidence which the jury could believe instead of the evidence that Appellant acted in self-defense.

Taking away Appellant's testimony, the evidence would only show that one man, the deceased, was demanding of and disrespectful to the tavern's staff, there is no evidence that the deceased was not demanding and continually insulted another man, Appellant, with derogatory remarks. The evidence showed that the two men got into a physical struggle, a gun discharged and the deceased was killed. Taking away Appellant's testimony, there would be nothing whatsoever showing who initiated the struggle and who brought the gun into the tavern.

10

With or without Appellant's testimony, it would be pure conjecture to believe that Appellant brought the gun into the tavern. The State produced no evidence supporting the allegations in the indictment, other than there was a struggle and one man ended up dead. The State produced <u>no</u> evidence of any aggressive actions by Appellant and <u>no</u> evidence that Appellant brought the gun which caused David Ramirez's death into the tavern.

## Conclusion

A rational fact finder could <u>not</u> have found beyond a reasonable doubt against Appellant on the self-defense issue. Consequently, the evidence to sustain the conviction is insufficient, and Appellant is entitled to an acquittal.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Benny Cavazos Valverde, Appellant in the above styled and numbered cause, respectfully prays that this Honorable Court will review this brief, and, upon submission of the case to the Court, will vacate the

11

Judgment of the court below and will remand this case to that court for a new trial.

Respectfully Submitted:

_____     _____
**John G. Jasuta**                  **David A. Schulman**
Attorney at Law                     Attorney at Law
State Bar Card No. 10592300         State Bar Card No. 17833400
lawyer1@johnjasuta.com              zdrdavida@davidschulman.com

1801 East 51st Street, Suite 365-474
Austin, Texas 78723
Tel. 512-474-4747
Fax: 512-532-6282

Attorneys for Benny Cavazos Valverde

## Statement Regarding Oral Argument

Oral Argument is Not Requested.

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X7 software, contains 1,915 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on June 1, 2015, a true and correct copy of the above and foregoing "Brief on Appeal" was transmitted via the eService function on the State's eFiling portal, to Laura Durbin (laura.durbin@bexar.org), counsel of record for the State of Texas

_____
**David A. Schulman**