**Affirmed and Opinion filed February 25, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00193-CR

**JUAN CARLOS REYNA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 1573595**

## OPINION

In this appeal from a conviction for murder, where the jury implicitly rejected a claim of self-defense, appellant argues that the trial court erred by not instructing the jury to presume that his deadly force was reasonable. We overrule this argument because the evidence conclusively negated a condition to the presumption.

## BACKGROUND

Appellant admitted during his trial that he shot and killed the complainant. The main question for the jury to decide was whether the killing was justified.

To prove that the killing was not justified, the prosecution relied on evidence from a home security system, which captured the shooting on video. The video, which does not contain any audio, depicts a brief interaction between appellant and the complainant, lasting less than a minute in all. The video begins with the complainant walking around the side of a home to a casita in the backyard, where appellant was then living. Before the complainant could even knock, appellant opens the front door of the casita and then engages in a hand-to-hand transaction with the complainant. During this hand-to-hand transaction, the complainant is still outside of the casita but he gestures multiple times towards the casita's interior. The complainant then brings one foot over the threshold and partially enters the casita. The complainant stands in this position for roughly ten seconds, until he turns around and takes three steps away. Instead of leaving altogether, the complainant pauses, turns around again, and walks back to the casita. As the complainant nears the threshold, appellant raises a handgun and shoots the complainant in the face. The complainant falls instantly to the ground, and appellant flees the scene.

To prove that the killing was justified, appellant took the stand in his own defense. He explained that he was a drug dealer and that the complainant had approached him seeking to purchase a rock of cocaine. The rock was priced at $10, but the complainant gave appellant $20 instead. When appellant asked if the complainant actually wanted two rocks, the complainant declined and requested to come inside the casita, hoping to deliver the remaining $10 to appellant's roommate, to whom the complainant owed a debt. Appellant responded that the complainant was not allowed inside the casita, where appellant was possessing additional bags of

2

cocaine. Appellant testified that he shot the complainant because he feared that the complainant was actually trying to commit a robbery.

As further support for his claim of self-defense, appellant testified that he had a history of conflict with the complainant. Appellant said that when he was younger, he was sexually abused by the complainant. More recently, appellant claimed that the complainant had tried to physically assault him with a broken bottle. The prosecution countered this narrative by emphasizing that the complainant was completely unarmed on the night of the shooting.

The trial court instructed the jury on the law of self-defense, but the trial court omitted an instruction regarding the presumption of reasonableness on the use of deadly force. The jury rejected appellant's claim of self-defense and convicted him as charged.

## ANALYSIS

Appellant did not specifically request a reasonableness instruction in the trial court, but he claims on appeal that he should have received the instruction because it was "the law applicable to the case." *See* Tex. Code Crim. Proc. art. 36.14. Our analysis begins with the threshold question of whether the trial court erred by not giving the instruction. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).

The instruction is based on Section 9.32 of the Texas Penal Code, which has two important subsections that are material to this discussion. The first is Subsection (a), which establishes the essential elements of a claim of self-defense. It provides that "a person is justified in using deadly force against another . . . when and to the degree the actor believes the deadly force is immediately necessary . . . to prevent the other's imminent commission of . . . robbery." *See* Tex. Penal Code § 9.32(a)(2).

3

The second is Subsection (b), which establishes a presumption of reasonableness when three conditions are satisfied. It provides as follows:

The actor's belief under Subsection (a)(2) that the deadly force was immediately necessary as described by that subdivision is presumed to be reasonable if the actor:

(1) knew or had reason to believe that the person against whom the deadly force was used . . . was committing or attempting to commit [a robbery];

(2) did not provoke the person against whom the force was used; and

(3) was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic at the time the force was used.

*Id.* § 9.32(b).

If the evidence raises the presumption, the trial court must instruct the jury accordingly.[1] *See Morales v. State*, 357 S.W.3d 1, 7 (Tex. Crim. App. 2011). But the

---

[1] The model instruction is reproduced here:

Under certain circumstances, the law creates a presumption that the defendant's belief—that the deadly force he used was immediately necessary—was reasonable. A presumption is a conclusion the law requires you to reach if certain other facts exist.

Therefore, you must find the defendant's belief—that the deadly force he used was immediately necessary—was reasonable unless you find the state has proved, beyond a reasonable doubt, at least one of the following elements. The elements are that—

*[Include only those elements supported by the evidence.]*

1. the defendant neither knew nor had reason to believe that [*name*]—

a. unlawfully and with force entered, or was attempting to enter unlawfully and with force, the defendant's occupied habitation, vehicle, or place of business or employment; or

b. unlawfully and with force removed, or was attempting to remove unlawfully and with force, the defendant from the defendant's habitation, vehicle, or place of business or employment; or

c. was committing or attempting to commit aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery; or

4

trial court is not required to submit the presumption if "the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact." *See* Tex. Penal Code § 2.05(b)(1).

In this case, there is legally sufficient evidence to support a finding that appellant had reason to believe that the complainant was attempting to commit a robbery and that appellant did not provoke the complainant, which is enough to satisfy the first two conditions of the presumption. To satisfy the third and final condition, the record would have to contain some additional evidence that appellant "was not otherwise engaged in criminal activity" at the time that he used his deadly force. But the record conclusively established the contrary. Appellant admitted that he was dealing cocaine, which shows that he was engaged in criminal activity. *See Barrios v. State*, 389 S.W.3d 382, 393 (Tex. App.—Texarkana 2012, pet. ref'd) ("Thus, criminal activity can be broadly construed to comport with the generally understood concept that it would encompass any activity that constitutes a crime."); *cf. Villarreal v. State*, 453 S.W.3d 429, 440 (Tex. Crim. App. 2015) (holding that the defendant was statutorily ineligible to receive the benefit of the presumption because the evidence showed that he had engaged in assaults by threat immediately before his use of deadly force).

Appellant responds that he was not engaged in criminal activity at the time of his deadly force because the evidence showed that he had already completed his drug

---

2. the defendant provoked [*name*]; or

3. the defendant, at the time the deadly force was used, was engaged in criminal activity other than a class C misdemeanor that is a violation of a law or ordinance regulating traffic.

If you find the state has proved element 1, 2, or 3 listed above, the presumption does not apply and you are not required to find that the defendant's belief was reasonable.

Whether or not the presumption applies, the state must prove, beyond a reasonable doubt, that self-defense does not apply to this case.

Texas Criminal Pattern Jury Charges: Defenses § 32.2, at 206–07 (2018).

transaction with the complainant. But according to his own trial testimony, appellant continued to possess additional quantities of cocaine, which is also criminal activity. *See* Tex. Health & Safety Code § 481.102(3)(D) (identifying cocaine as a controlled substance under Penalty Group 1); *id.* § 481.115 (creating an offense for the possession of a controlled substance under Penalty Group 1). Because there was no affirmative evidence controverting appellant's admission, the evidence conclusively established that appellant was engaged in criminal activity at the time he used deadly force. Thus, even if appellant had specifically requested the submission of a reasonableness instruction, the trial court would not have erred by omitting it from the jury charge as it was not the law applicable to the case.

## CONCLUSION

The trial court's judgment is affirmed.


/s/    Tracy Christopher
Justice


Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.

Publish — Tex. R. App. P. 47.2(b).

6