**Motion for Rehearing Denied; Motion for En Banc Reconsideration Dismissed as Moot; and Supplemental Opinion on Rehearing filed February 24, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00388-CR

### DEMEKAYLA DAQUIS DURDEN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1491520**

## SUPPLEMENTAL OPINION AND DENIAL OF REHEARING

The State filed a motion for rehearing, and in its first issue challenged this court's conclusion that the record contained evidence to merit inclusion of a deadly-force self-defense instruction. Subsequently, in connection with that argument, the State filed a supplemental brief spotlighting a recent Court of Criminal Appeals charge-error case, *Lozano v. State*.[1] The State declares *Lozano*

---

[1] *Lozano v. State*, PD-1319-19, 2021 WL 4695809 (Tex. Crim. App. Oct. 6, 2021), *reh'g denied*

"so on-point as to be controlling." The State contends "the evidence of appellant's state of mind is conceptually the same as the evidence in *Lozano*" and argues "just like *Lozano*, it does not offer an insight into the defendant's subjective state of mind." We supplement our original opinion to address this argument.

In *Lozano v. State*, at the close of Mr. Lozano's murder trial, the trial court included deadly-force self-defense instructions which contained "general duty to retreat" instructions.[2] *Lozano v. State*, PD-1319-19, 2021 WL 4695809, at *2. Lozano secured a judgment from the El Paso court of appeals reversing his murder conviction based on the unobjected-to erroneous inclusion of the "general duty to retreat" instructions. *Lozano v. State*, 08-17-00251-CR, 2019 WL 5616975, at *15 (Tex. App.—El Paso Oct. 31, 2019), *rev'd*, PD-1319-19, 2021 WL 4695809 (Tex. Crim. App. Oct. 6, 2021). The Court of Criminal appeals reversed, finding the error harmless because Lozano was not entitled to the self-defense instruction. *Lozano v. State*, PD-1319-19, 2021 WL 4695809, at *8. In its harm analysis, the Court of Criminal Appeals addressed a problem it perceived in the El Paso court's application of the deadly-force self-defense statute:

> [W]e do not agree that satisfaction of the "ordinary and prudent person" obviates the need for evidence to show that a defendant *actually believed that the use of deadly force was immediately necessary*.

*Id*. at * 6. Filling this gap in the El Paso court's analysis, the Court of Criminal Appeals detailed the relevant evidence on this point in the light most favorable to Lozano, and then analyzed that evidence. It recited that Lozano was sitting in the driver's seat of his truck in a parking lot brandishing a gun after a man, Jorge,

---

(Jan. 12, 2022).

[2] As the Court of Criminal Appeals explained in *Lozano*, since 2011 it has deemed such "general duty to retreat" instructions erroneous and an improper comment on the weight of the evidence. Id. at *2, citing *Morales v. State*, 357 S.W.3d 1, 6 (Tex. Crim. App. 2011).

threw a full can of beer into his truck, that Jorge then ran around and punched Lozano through the open window, and that Lozano then shot Jorge three times. Immediately after setting these facts, the *Lozano* court remarked:

> Appellant never spoke during the encounter or about the altercation following the encounter, and there is no evidence about Appellant's demeanor that is favorable to him.

*Id.*, at *7. Even though there was evidence sufficient to establish the objective prong (or the "ordinary and prudent person" standard), the court was left to speculate about the defendant's state of mind about those same facts and events. *Id.* The court explained the fact that "Jorge ran around the truck and punched [Lozano] through the open driver's side window" does not alone explain whether Lozano actually believed he needed to use deadly force. *Id.* ("It might be that Appellant believed that he was justified in using deadly force against Jorge, but no evidence supports that conclusion.") The *Lozano* court concluded the record lacked any evidence to support the subjective-belief element of his self-defense, the conclusion that Mr. Lozano believed that the use of deadly force was immediately necessary. *Id.* In the absence of such evidence, because Mr. Lozano was not entitled to *any* self-defense instruction, the error of including the instruction, even with the erroneous "general duty to retreat" language, was harmless under an egregious harm analysis.

The issue in this case is similar to the issue in *Lozano*, but the facts born by the evidence relevant to analyzing that issue are not conceptually the same, not comparable, and not analogous. Moreover, this court's opinion did not by-pass the subjective a state of mind analysis. As we noted in the opinion, the record includes facts about what appellant said to Travis on the night of the murder concerning her

3

encounter with Paul, and Travis's testimony about her demeanor.[3] The *Lozano* court specifically remarked that similar evidence was not in its record. The facts viewed in a light most favorable to appellant include appellant's remarks about her encounter with Paul—that he tried to rape her, and her demeanor as evidence that she actually believed that the use of deadly force was immediately necessary to thwart a sexual assault.

The State's motion for rehearing is denied and dismisses the State's motion for en banc reconsideration as moot without prejudice to filing a new motion for rehearing or for en banc reconsideration in light of this supplemental opinion.

/s/    Randy Wilson
Justice

Panel consists of Justices Zimmerer, Poissant, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[3] The opinion states: "Travis testified that appellant was "startled" or "nervous" or "in shock" when he encountered appellant, and on one occasion when asked about it, Travis testified that the first thing she told him was that Paul tried to rape her, and this was the basis for her mental state. ('Q. And she seemed startled, true? A. A little bit, like, the man tried to rape me.')."